Filed 9/23/20  P. v. Maldonado CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN MALDONADO,<br><br>Defendant and Appellant. | B301054<br><br>(Los Angeles County<br>Super. Ct. No. YA069639) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant and appellant Juan Maldonado appeals from the trial court's order denying his Penal Code section 1170.95[1] petition for resentencing on two voluntary manslaughter convictions. We affirm.

# II. BACKGROUND

In October 2007, defendant was charged with several offenses including two counts of murder (§ 187, subd. (a)) arising from a robbery during which two people were killed.[2] Pursuant to a plea agreement, the murder charges were dismissed and defendant pleaded guilty to, among other charges, two counts of voluntary manslaughter. (§ 192, subd. (a).) In June 2014, the trial court sentenced defendant to 25 years, eight months in state prison.

In February 2019, defendant filed his section 1170.95 petition seeking resentencing on his voluntary manslaughter convictions. Among other things, defendant contended that he was entitled to relief because: "I took a plea deal (in lieu of going to trial at which I could have be[en] convicted of 1st or 2nd degree murder at trial) of voluntary manslaughter." The trial court denied the petition, apparently without appointing counsel to

---

[1]   All further statutory citations are to the Penal Code.

[2]   We granted defendant's motion for judicial notice of the April 18, 2014, unpublished opinion in *People v. Julius Laulu* (Apr. 18, 2014, B245988 [nonpub. opn.])—the appeal of one of defendant's codefendants.

represent defendant,[3] finding that defendant was a major participant in the charged crimes and acted with reckless indifference to human life.

## III.   DISCUSSION

A.   *Section 1170.95 Does Not Apply to Voluntary Manslaughter Convictions*

Defendant contends he demonstrated a prima facie case of eligibility for resentencing on his voluntary manslaughter convictions under section 1170.95 and the trial court erred when it failed to appoint counsel to represent him, allow briefing, and hold a hearing.  We disagree.

Section 1170.95 provides, in relevant part:

"(a)  A person *convicted of felony murder or murder under a natural and probable consequences* theory may file a petition with the court that sentenced the petitioner *to have the petitioner's*

---

[3]    The parties assert the trial court did not appoint counsel to represent defendant.  The record is unclear.  Defendant acknowledges that the court's order denying the petition states, "'The clerk to give notice to petitioner and his attorney . . . '", but notes the record does not indicate the trial court appointed counsel and the minute order for the trial court's order denying the petition states, "Defendant is not present in court, and not represented by counsel."  That minute order also reflects, however, that the clerk served a copy of the minute order on two private attorneys.  A prior minute order also reflects that the clerk served a copy of defendant's petition on a third private attorney.

*murder conviction vacated* and to be resentenced on any remaining counts when all of the following conditions apply:

"(1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2)  The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3)  The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (Italics added.)

Section 1170.95, by its plain terms, applies only to murder convictions and not to voluntary manslaughter convictions. (*People v. Paige* (2020) 51 Cal.App.5th 194, 201 (*Paige*); *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917 (*Sanchez*); *People v. Turner* (2020) 45 Cal.App.5th 428, 432; *People v. Flores* (2020) 44 Cal.App.5th 985, 993; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*).)  Defendant was not eligible for resentencing on his voluntary manslaughter convictions under section 1170.95 and the trial court therefore did not err in denying the petition without appointing counsel.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted, Mar. 18, 2020, S260493.)

B.  *Defendant's Constitutional Arguments Are Unavailing*

Defendant argues that an interpretation of section 1170.95 that restricts its application to murder convictions and does not

4

include voluntary manslaughter convictions violates equal protection and substantive due process under the United States and California Constitutions. In *Cervantes, supra*, 44 Cal.App.5th 824, the court rejected similar arguments. We agree with the analysis in *Cervantes* and adopt it here:

"The first step in an equal protection analysis is to determine whether the defendant is similarly situated with those who are entitled to the statutory benefit. [Citation.] Cervantes was convicted of voluntary manslaughter, a different crime from murder, which carries a different punishment. Normally 'offenders who commit different crimes are not similarly situated' for equal protection purposes. [Citation.] '[O]nly those persons who are similarly situated are protected from invidiously disparate treatment.' [Citation.]

"[¶] . . . [¶]

"When the Legislature reforms one area of the law, it is not required to reform other areas of the law. [Citation.] It may elect to make reforms ""one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind."" [Citation.] Here the legislative focus was centered on the unfairness of the felony murder rule. The Legislature could rationally decide to change the law in this area and not be currently concerned with crimes not involved with that rule. [Citation.] It also could reasonably decide that the punishment for voluntary manslaughter was appropriate, but the punishment for murder based on the felony murder rule could be excessive and reform was needed only there. [Citation.] Legislators in making this choice could also consider a variety of other factors including the number of prisoners subject to the change and its impact on the 'administration of justice.' [Citation.]

5

"The decision not to include manslaughter in section 1170.95 falls within the Legislature's 'line-drawing' authority as a rational choice that is not constitutionally prohibited. [Citation.] '[T]he Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses.' [Citation.] A classification is not arbitrary or irrational simply because it is 'underinclusive.' [Citation.] 'A criminal defendant has no vested interest "'in a specific term of imprisonment or in the designation [of] a particular crime [he or she] receives.'"' [Citation.] 'Courts routinely decline to intrude upon the "broad discretion" such policy judgments entail.' [Citation.]

"We also reject Cervantes's claim that he was denied substantive due process. '[S]ubstantive due process requires a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives.' [Citation.] Here there was such a relationship. The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*Cervantes, supra*, 44 Cal.App.5th at pp. 888–889, fn. omitted]; see also, *Paige, supra*, 51 Cal.App.5th at p. 205–206 [rejecting equal protection argument]; *Sanchez, supra*, 48 Cal.App.5th at pp. 920–921 [rejecting equal protection argument].)

Accordingly, defendant's equal protection and substantive due process arguments fail.

## IV.   DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.

We concur:


RUBIN, P. J.


MOOR, J.